UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH JOHNSON,

    Plaintiff,

v

DEPUTY CLAIR SOOTSMAN,
DEPUTY CHANTEL EINHARDT, and
DEPUTY TALIAH HARRIS,

    Defendants.

Case No.: 20-
Hon.

GEOFFREY N. FIEGER (P30441)
JAMES J. HARRINGTON, IV (P65351)
RAQUEL A. MUÑOZ (P77420)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiff
19390 West Ten Mile Rd.,
Southfield, MI 48075
P: (248) 355-5555
F: (248) 355-5148
r.munoz@fiegerlaw.com

## COMPLAINT AND DEMAND FOR JURY TRIAL

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action not between these parties arising out of the same transaction or occurrence as alleged in this complaint that is either pending, or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

NOW COMES, Plaintiff, JOSEPH JOHNSON, by and through his attorneys, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., and for his Complaint and Jury Demand against the above named Defendants, Plaintiff hereby states as follows:

### JURISDICTION

1.    This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments to the United States Constitution and under

{01019735.DOCX}    1

the laws of the United States, particularly under the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988, and under the statutes and common law of the State of Michigan.

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3), 1343(a)(4) and 42 U.S.C § 1983. This court has supplemental jurisdiction of the Michigan law state claims which arise out of the nucleus of operative facts common to Plaintiff s federal claims pursuant to 28 U.S.C. §1367.

3. The amount in controversy exceeds seventy-five thousand dollars, excluding interests, costs, and attorney fees.

## VENUE

4. Venue lies in the Western District of Michigan pursuant to 28 U.S.C § 1391(d), the events took place in the City of Kalamazoo, County of Kalamazoo, State of Michigan, which is located within the jurisdiction of the United States District Court for the Western District of Michigan, Southern Division.

## PARTIES

5. At all times relevant to this lawsuit, Plaintiff, JOSEPH JOHNSON, (hereinafter "Plaintiff JOHNSON") was an inmate of Kalamazoo County Jail, in the City of Kalamazoo, County of Kalamazoo, State of Michigan.

6. At all times relevant hereto, DEPUTY CLAIR SOOTSMAN, (hereinafter "SOOTSMAN") was a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his employment as a deputy for the County of Kalamazoo Jail.

7. At all times relevant hereto, DEPUTY CHANTEL EINHARDT, (hereinafter "EINHARDT") was a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his employment as a deputy for the County of Kalamazoo Jail.

8. At all times relevant hereto, DEPUTY TALIAH HARRIS, (hereinafter "HARRIS") was a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his employment as a deputy for the County of Kalamazoo Jail.

## FACTUAL STATEMENT

9. Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

10. On or about February 14, 2020, at approximately 3:25 p.m., Plaintiff, JOHNSON, was in the intake holding area of the Kalamazoo County Jail, in Kalamazoo, Michigan, waiting to be transferred to general population housing.

11. At all times relevant hereto, Plaintiff, JOHNSON, grabbed his sheets and blanket from intake and proceeded to walk out of intake and towards the general population.

12. At all times relevant hereto, Defendants EINHARDT and HARRIS, were escorting Plaintiff, JOHNSON, towards general population.

13. At all times relevant hereto, Plaintiff, JOHNSON, was walking on the right side of the hallway ahead of Defendants, EINHARDT and HARRIS.

14. Upon information and belief, Defendant, EINHARDT instructed Plaintiff, JOHNSON, to slow down and wait for Defendants, EINHARDT and HARRIS.

15. At all times relevant hereto, Defendant SOOTSMAN was escorting two inmates and walking on the left side of the hallway in the same direction as Plaintiff, JOHNSON, and Defendants EINHARDT and HARRIS.

16. At all times relevant hereto, as Plaintiff, JOHNSON, walked past the other inmates Defendant, SOOTSMAN, stopped Plaintiff, JOHNSON, and asked him why he didn't slow down when asked by Defendant, EINHARDT.

{01019735.DOCX}　　　　　　　　　　　　　　3

17. At all times relevant hereto, Defendant, SOOTSMAN, started yelling at Plaintiff, JOHNSON, telling Plaintiff to "look him in the eye when he's talking to him."

18. At all times relevant hereto, Plaintiff, JOHNSON, calmly replied in a normal voice, "I am."

19. At all times relevant hereto, Defendant, SOOTSMAN, immediately grabbed Plaintiff, JOHNSON, by the throat and slammed Plaintiff against the wall.

20. At all times relevant hereto, Defendant, EINHARDT, grabbed Plaintiff, JOHNSON's, arm and pulled Plaintiff to the ground as Defendant, SOOTSMAN, placed a lateral neck restraint hold around Plaintiff's neck.

21. At all times relevant hereto, Plaintiff, JOSEPH JOHNSON, was unarmed and was not a threat to Defendants.

22. At all times relevant hereto, Plaintiff, JOHNSON, was not resisting Defendants as they put handcuffs on him.

23. At all times relevant hereto, Defendants, HARRIS, stood by and observed the unconstitutional use of excessive force upon Plaintiff, JOSEPH JOHNSON, by Defendant, SOOTSMAN and EINHARDT, and unlawfully failed to intervene to protect Plaintiff.

24. Under all the circumstances known to Defendants, SOOTSMAN, EIHNARDT, and HARRIS, the physical force used against Plaintiff, JOHNSON, was objectively unreasonable and clearly excessive.

25. Defendants, SOOTSMAN, EIHNARDT, and HARRIS, violated Plaintiff's clearly established right to be free from unreasonable and excessive use of force as guaranteed by the Eighth Amendment and the Fourteenth Amendment of the United States Constitution.

{01019735.DOCX}　　　　　　　　　　　　　　4

26. The conduct of the Defendants, SOOTSMAN, EIHNARDT, and HARRIS, was and remains extreme and outrageous subjecting them to punitive damages.

27. The misconduct of Defendants, SOOTSMAN, EIHNARDT, and HARRIS, directly and proximately caused Plaintiff, JOSEPH JOHNSON's, injuries as set forth herein.

### COUNT I - 42 U.S.C § 1983-EXCESSIVE FORCE
### DEFENDANT, OFFICER CLAIR SOOTSMAN

28. Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

29. At all times relevant hereto, Defendant, SOOTSMAN, was acting under the color of state law and in his capacity as a guard at the Kalamazoo County Jail and his acts and/or omissions were conducted within the scope of his official duties and employment.

30. The acts taken by Defendant, SOOTSMAN, were not undertaken in good faith and were not discretionary but were undertaken with malice.

31. Plaintiff, JOHNSON, had the clearly established right under the Eighth and Fourteenth Amendment to be free from excessive force by law enforcement.

32. Under all the circumstances known to Defendant, SOOTSMAN, the physical force used against Plaintiff, JOHNSON, was objectively unreasonable and clearly excessive.

33. Defendant, SOOTSMAN, violated Plaintiff's clearly established right to be free from unreasonable and excessive use of force as guaranteed by the Eighth Amendment and the Fourteenth Amendment of the United States Constitution.

34. At all times relevant hereto, Plaintiff, JOHNSON, was unarmed and did not pose a threat to the safety of Defendant or others.

35. At all times relevant hereto, Plaintiff, JOHNSON, was not resisting arrest.

36. The misconduct of Defendant, OFFICER SOOTSMAN, directly and proximately caused Plaintiff, JOSEPH JOHNSON, to suffer numerous injuries including, but not limited to:

   a. Neck strain;
   b. Right wrist sprain;
   c. Pain and suffering;
   d. Anxiety;
   e. Mental anguish;
   f. Emotional distress;
   g. Fright and shock;
   h. Humiliation and/or mortification;
   i. Punitive damages;
   j. Exemplary damages;
   k. Attorneys fees and costs pursuant to 42 U.S.C. §1988;
   l. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and
   m. Any other damages allowed by law;

37. The acts and/or omissions of Defendant, SOOTSMAN, were willful, wanton, reckless, malicious, oppressive, and/or done with a conscious or reckless disregard for the constitutional rights of Plaintiff, JOHNSON. Plaintiff therefore requests an award of punitive and exemplary damages. Plaintiff has retained private counsel to represent him in this matter and is entitled to an award of attorney fees and costs.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor against Defendant and in an amount greatly in excess of seventy-five thousand dollars ($75,000) exclusive of costs, interest and attorney fees.

### COUNT II - 42 U.S.C § 1983-EXCESSIVE FORCE
### DEFENDANT, OFFICER CHANTEL EINHARDT

38. Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

{01019735.DOCX}  6

39. At all times relevant hereto, Defendant, EINHARDT, was acting under the color of state law and in her capacity as a guard at the Kalamazoo County Jail and her acts and/or omissions were conducted within the scope of her official duties and employment.

40. The acts taken by Defendant, EINHARDT, were not undertaken in good faith and were not discretionary but were undertaken with malice.

41. Plaintiff, JOHNSON, had the clearly established right under the Eighth and Fourteenth Amendment to be free from excessive force by law enforcement.

42. Under all the circumstances known to Defendant, EINHARDT, the physical force used against Plaintiff, JOHNSON, was objectively unreasonable and clearly excessive.

43. Defendant, EINHARDT, violated Plaintiff's clearly established right to be free from unreasonable and excessive use of force as guaranteed by the Eighth Amendment and the Fourteenth Amendment of the United States Constitution.

44. At all times relevant hereto, Plaintiff, JOHNSON, was unarmed and did not pose a threat to the safety of Defendant or others.

45. At all times relevant hereto, Plaintiff, JOHNSON, was not resisting arrest.

46. The misconduct of Defendant, EINHARDT, directly and proximately caused Plaintiff, JOSEPH JOHNSON, to suffer numerous injuries including, but not limited to:

   a. Neck strain;
   b. Right wrist sprain;
   c. Pain and suffering;
   d. Anxiety;
   e. Mental anguish;
   f. Emotional distress;
   g. Fright and shock;
   h. Humiliation and/or mortification;
   i. Punitive damages;
   j. Exemplary damages;
   k. Attorneys fees and costs pursuant to 42 U.S.C. §1988;

    l.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

    m.  Any other damages allowed by law;

  47.  The acts and/or omissions of Defendant, EINHARDT, were willful, wanton, reckless, malicious, oppressive, and/or done with a conscious or reckless disregard for the constitutional rights of Plaintiff, JOHNSON. Plaintiff therefore requests an award of punitive and exemplary damages. Plaintiff has retained private counsel to represent him in this matter and is entitled to an award of attorney fees and costs.

  **WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor against Defendant and in an amount greatly in excess of seventy-five thousand dollars ($75, 000) exclusive of costs, interest and attorney fees.

### COUNT III
### FAILURE TO INTERVENE TO PREVENT VIOLATION OF PLAINTIFF'S EIGHTH AND FOURTEENTH AMENDMENT RIGHTS
### DEFENDANT TALIAH HARRIS

  48.  Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

  49.  Defendant, HARRIS, had a duty to intervene when Defendants, SOOTSMAN and EINHARDT, violated Plaintiff's rights under the Eight and Fourteenth Amendments to the United States Constitution and 42 U.S.C. 1983.

  50.  Defendant, HARRIS, observed and/or had reason to know that excessive force was being inflicted upon Plaintiff.

  51.  Defendant, HARRIS, had the opportunity and means to intervene and prevent the violation of Plaintiff's constitutional rights.

52. Defendant, HARRIS, failed to intervene which resulted in the infliction of excessive force and punishment upon Plaintiff in violation of Plaintiff's constitutionally protected rights.

53. The misconduct of Defendant, HARRIS, directly and proximately caused Plaintiff, JOSEPH JOHNSON, to suffer numerous injuries including, but not limited to:

   a. Neck strain;
   b. Right wrist sprain;
   c. Pain and suffering;
   d. Anxiety;
   e. Mental anguish;
   f. Emotional distress;
   g. Fright and shock;
   h. Humiliation and/or mortification;
   i. Economic loss;
   j. Punitive damages;
   k. Exemplary damages;
   l. Attorneys fees and costs pursuant to 42 U.S.C. §1988;
   m. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and
   n. Any other damages allowed by law;

54. The acts and/or omissions of Defendant, HARRIS, were willful, wanton, reckless, malicious, oppressive, and/or done with a conscious or reckless disregard for the constitutional rights of Plaintiff, JOHNSON. Plaintiff therefore requests an award of punitive and exemplary damages. Plaintiff has retained private counsel to represent him in this matter and is entitled to an award of attorney fees and costs.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in his favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

Fieger, Fieger, Kenney & Harrington, P.C. • A Professional Corporation
19390 West Ten Mile Road • Southfield Michigan 48075 • Telephone (248) 355-5555 • Fax (248) 355-5148

**COUNT IV – ASSAULT AND BATTERY**
**DEFENDANTS CLAIR SOOTSMAN AND CHANTEL EINHARDT**

55. Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

56. At all times relevant hereto, Defendant, SOOTSMAN, made threatening movements creating within Plaintiff, JOHNSON, a well-founded fear of imminent peril and/or contact.

57. Defendant, SOOTSMAN, had the apparent ability to carry out the act if not prevented.

58. Defendant, SOOTSMAN and EINHARDT, physically attacked Plaintiff, JOHNSON, when he grabbed Plaintiff by the neck and slammed him against the wall, then proceeded to place Plaintiff in a lateral neck restraint as Defendant, SOOTSMAN and EINHARDT, pulled Plaintiff to the ground, despite the fact that Plaintiff was not resisting.

59. The misconduct of Defendant, OFFICER SOOTSMAN, directly and proximately caused Plaintiff, JOSEPH JOHNSON, to suffer numerous injuries including, but not limited to:

    a. Neck strain;
    b. Right wrist sprain;
    c. Pain and suffering;
    d. Anxiety;
    e. Mental anguish;
    f. Emotional distress;
    g. Fright and shock;
    h. Humiliation and/or mortification;
    i. Economic loss;
    j. Punitive damages;
    k. Exemplary damages;
    l. Attorneys fees and costs pursuant to 42 U.S.C. §1988;
    m. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and
    n. Any other damages allowed by law;

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in her favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

Respectfully Submitted,
***Fieger, Fieger, Kenney & Harrington, P.C.***

Dated: November 16, 2020

/s/ ***Raquel A. Muñoz***
GEOFFREY N. FIEGER (P30441)
JAMES J. HARRINGTON, IV (P65351)
RAQUEL A. MUÑOZ (P77420)
Attorney for Plaintiff
19390 W. 10 Mile Road
Southfield, MI 48075
(248)355-5555
r.munoz@fiegerlaw.com

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

JOSEPH JOHNSON,

    Plaintiff,　　　　　　　　　　　　　　　Case No. 20 -
　　　　　　　　　　　　　　　　　　　　　　　　Hon.
v

DEPUTY CLAIR SOOTSMAN,
DEPUTY CHANTEL EINHARDT, and
DEPUTY TALIAH HARRIS,

    Defendants.

---

GEOFFREY N. FIEGER (P30441)
JAMES J. HARRINGTON, IV (P65351)
RAQUEL A. MUÑOZ (P77420)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiff
19390 West Ten Mile Rd.,
Southfield, MI 48075
P: (248) 355-5555
F: (248) 355-5148
r.munoz@fiegerlaw.com

---

## **DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff, JOSEPH JOHNSON, by and through his attorneys, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., hereby demands a trial by jury in the above-captioned matter.

                              Respectfully Submitted,

                              /s ***Raquel A. Muñoz***
                              GEOFFREY N. FIEGER (P30441)
                              JAMES HARRINGTON, IV (65351)
                              RAQUEL A. MUÑOZ (P77420)
                              *Fieger, Fieger, Kenney & Harrington P.C.*
                              Attorneys for Plaintiff
                              19390 West Ten Mile Road
                              Southfield, MI 48075
Dated: November 16, 2020          (248) 355-5555