UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH JOHNSON,

    Plaintiff,

v.

CLAIR SOOTSMAN, et al.,

    Defendants.
_____/

Case No. 1:20-cv-1102

HON. JANE M. BECKERING

## OPINION AND ORDER

Plaintiff Joseph Johnson's lawsuit is based on an incident that occurred on February 14, 2020, while he was being transferred to general population from intake in the Kalamazoo County Jail where Defendants were employed.  Pursuant to 42 U.S.C. § 1983, Plaintiff alleges that Defendants Clair Sootsman and Chantel Einhardt violated his Eighth Amendment rights by use of excessive force and that Defendant Taliah Harris violated his rights by failing to intervene to prevent the use of such force.  Plaintiff also alleges supplemental state-law assault and battery claims against Defendants Sootsman and Einhardt.

Defendants moved for summary judgment.  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant Defendants' motions as to the Eighth Amendment claims and decline to exercise supplemental jurisdiction over the assault and battery claims and dismiss them without prejudice.  The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation.  Defendants have filed responses to the objections.  In accordance with 28 U.S.C. § 636(b)(1) and

FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.

***Defendant Sootsman.***  As a threshold matter, the Magistrate Judge determined that Plaintiff waived any collateral estoppel argument as to his Eighth Amendment claim against Defendant Sootsman (R&R, ECF No. 58 at PageID.939–940).  The Magistrate Judge concluded that on the merits of his claim, no reasonable jury could conclude that Sootsman's use of force amounted to an Eighth Amendment violation (*id.* at PageID.944).  In pertinent part, the Magistrate Judge determined that the entire incident involving force "lasted only about seven seconds, and the evidence—including the video—shows that Johnson suffered no discernible injury, let alone an injury requiring medical treatment" (*id.* at PageID.941).  Alternatively, the Magistrate Judge concluded that Defendant Sootsman was entitled to qualified immunity because Plaintiff has "failed to demonstrate that the law was established with the requisite degree of specificity to put Sootsman on notice that his actions violated [Plaintiff's] clearly established rights" (*id.*).  The Magistrate Judge pointed out that Plaintiff cites "no Eighth Amendment case with a similar fact pattern in an effort to meet this burden" (*id.* at PageID.945).

In his objections to the Report and Recommendation, Plaintiff presents a lengthy factual recitation and argues that the "issue of causation presents a question of fact" and that "Sootsman's admission of an assault and battery, at the very least, creates a question of fact as to his use of excessive force" (Pl. Obj., ECF No. 59 at PageID.955, 959).  Plaintiff's argument lacks merit.  The Magistrate Judge properly indicated that "[w]hen video evidence is presented, witness testimony will not create a genuine issue of material fact if the video is unambiguous and answers the pertinent factual questions" (R&R, ECF No. 58 at PageID.936, citing *Shreve v. Franklin Cnty.*,

743 F.3d 126, 132 (6th Cir. 2014) (citing *Scott v. Harris*, 550 U.S. 372, 380–81 (2007)).  While Plaintiff would answer the factual questions differently, his mere disagreement with the Magistrate Judge's findings does not serve to demonstrate error.

As to the Magistrate Judge's qualified immunity analysis, Plaintiff contends, again with no citation to authority, that Defendant Sootsman "long had fair and clear warning" that his actions constituted excessive force (Pl. Obj., ECF No. 59 at PageID.960).  Plaintiff's conclusory statement fails to demonstrate any factual or legal error in the Magistrate Judge's alternative recommendation that Defendant Sootsman is entitled to qualified immunity.

***Defendant Einhardt.***  Turning to Plaintiff's Eighth Amendment claim against Defendant Einhardt, the Magistrate Judge found that the "undisputed evidence shows that Einhardt did not initiate the force but merely reacted to it by getting Johnson to the ground so that he could be handcuffed" (R&R, ECF No. 58 at PageID.946).  The Magistrate Judge determined that "no reasonable juror could conclude that Einhardt used force in a malicious or sadistic manner" (*id.*).  The Magistrate Judge further determined that like his claim against Defendant Sootsman, Plaintiff's claim against Einhardt fails under the "clearly established prong" of the qualified-immunity test because Plaintiff "fails to identify a case that would have given Einhardt fair notice that her actions violated Johnson's clearly established rights" (*id.*).

In his objections, Plaintiff only briefly references his claim against Defendant Einhardt (Pl. Obj., ECF No. 59 at PageID.963) and does not specifically reference—let alone identify error in— the Magistrate Judge's analysis of this particular Eighth Amendment claim.  *See* W.D. Mich. LCivR 72.3(b) (instructing that an objection to a magistrate judge's report and recommendation must "specifically identify the portions of the proposed findings, recommendations, or report to which objections are made and the basis for such objections").

***Defendant Harris.***   Last, as to Plaintiff's failure-to-intervene claim against Defendant Harris, the Magistrate Judge found that "the undisputed evidence shows that the incident involving force was over in a matter of seconds and, like Einhardt, Harris had no reason to believe that Sootsman intended to use force on Johnson" (R&R, ECF No. 58 at PageID.947).  The Magistrate Judge opined that "[t]he Eighth Amendment does not require that prison officials be prescient" (*id.*).  Again, Plaintiff's objections contain only a brief reference to his claim against Defendant Harris (Pl. Obj., ECF No. 59 at PageID.963), with no reference to, or any developed argument about, the Magistrate Judge's analysis of this particular Eighth Amendment claim.

In sum, the Magistrate Judge carefully and thoroughly analyzed Plaintiff's federal claims, and Plaintiff's objections do not support a result other than the recommendation made by the Magistrate Judge.  Because the federal claims over which this Court has original jurisdiction are properly dismissed, the Court will, in its discretion, decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims.  *See* 28 U.S.C. § 1367(c)(3); *Royal Truck & Trailer Sales & Serv., Inc. v. Kraft*, 974 F.3d 756, 763 (6th Cir. 2020) (citing *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims[.]")).  Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  Because this Opinion and Order resolves all pending claims, a Judgment will be entered consistent with this Opinion and Order.  *See* Fed. R. Civ. P. 58.  Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 59) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 58) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the motions for summary judgment (ECF Nos. 45 & 46) are GRANTED as to Plaintiff's Eighth Amendment claims, which are DISMISSED WITH PREJUDICE.

**IT IS FURTHER ORDERED** that this Court declines to exercise supplemental jurisdiction over Plaintiff's state-law assault and battery claims, and the assault and battery claims are DISMISSED WITHOUT PREJUDICE.

Dated:  September 19, 2022                                   /s/ Jane M. Beckering
                                                                                        JANE M. BECKERING
                                                                                        United States District Judge